UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID L ALLEN,

                  Plaintiff,

    v.

NANCY A BERRYHILL, Acting
Commissioner of Social Security,

                  Defendant.

CASE NO. 3:17-CV-05454-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: December 22, 2017

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of his application for disability insurance benefits ("DIB").

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred at Step Four of the sequential evaluation process. Had the ALJ not erred at Step Four, the ALJ may have found Plaintiff could not perform his past work and would have continued the sequential evaluation process. Because the ultimate disability determination may have changed, the ALJ's error is not harmless, and this matter is reversed and remanded pursuant to sentence

1 | four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for

2 | further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

4 | On October 28, 2013, Plaintiff filed an application for DIB, alleging disability as of

5 | September 1, 2007. *See* Dkt. 8, Administrative Record ("AR") 17. The application was denied

6 | upon initial administrative review and on reconsideration. *See* AR 17. ALJ Rudolph M. Murgo

7 | held a hearing on November 16, 2015. AR 32-55. In a decision dated December 11, 2015, the

8 | ALJ determined Plaintiff to be not disabled. AR 17-25. Plaintiff's request for review of the

9 | ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision

10 | of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

11 | In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred at Step Four by finding

12 | Plaintiff could have performed his past relevant work. Dkt. 10, pp. 3-6. Additionally, because the

13 | ALJ found Plaintiff had sufficient coverage to remain insured through December 31, 2012, the

14 | relevant inquiry is whether Plaintiff became disabled between the alleged onset date – September

15 | 1, 2007 – and the date last insured – December 31, 2012. [1] *See* AR 17.

STANDARD OF REVIEW

17 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

18 | social security benefits if the ALJ's findings are based on legal error or not supported by

19 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

20 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

24 | [1] Plaintiff does not challenge this finding by the ALJ. *See* Dkt. 10.

**I.      Whether the ALJ erred at Step Four of the sequential evaluation process.**

Plaintiff contends the ALJ erred at Step Four by finding Plaintiff could perform his past relevant work in a saw mill. Dkt. 10, pp. 3-6. Specifically, Plaintiff argues his past work in the saw mill may have been a "composite job" and the ALJ erred by finding Plaintiff could only perform one aspect of this job. *Id.*

At Step Four of the sequential evaluation process, the claimant bears the burden of showing he can no longer perform his past relevant work. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (citations omitted). An ALJ may use either the "actually performed" test or the "generally performed" test to determine whether a claimant can perform his past relevant work. *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (citing SSR 82-61, 1982 WL 31387 (1982)). Under the "actually performed" test, the ALJ evaluates a claimant's past relevant work by consulting a "properly completed vocational report" and "the claimant's own testimony" and assessing whether the claimant can perform his past job duties as he actually performed them. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). By contrast, under the "generally performed" test, the ALJ consults the Dictionary of Occupational Titles ("DOT") to determine whether the claimant can perform his past work as it is generally performed in the national economy. *Stacy*, 825 F.3d at 569 (citing SSR 82-61, 1982 WL 31387).

Regardless of whether the ALJ uses the "actually performed" or "generally performed" test, the ALJ "may not classify a past occupation according to the [occupation's] least demanding function." *Id.* (citation and internal quotation omitted); *see also Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985) ("To classify an applicant's 'past relevant work' according

1    to the least demanding function of the claimant's past occupations is contrary to the letter and

2    spirit of the Social Security Act.").

3         Furthermore, "when significant variation exists between a claimant's description of her

4    job and the DOT description of the job, it may be the result of a composite job." *Hams v.*

5    *Carolyn*, 2014 WL 4168473, at *2 (W.D. Wash. Aug. 20, 2014) (citing SSR 82-61, 1982 WL

6    31387). A composite job contains "significant elements of two or more occupations, and as such,

7    ha[s] no counterpart in the DOT." SSR 82-61, 1982 WL 31387, at *2. An ALJ must evaluate a

8    composite job "according to the particular facts of each individual case." *Id.*

9         In a Work History Report, Plaintiff described his previous job title as "boiler engineer/dry

10   kiln [operator]." AR 149. Plaintiff performed this work in a saw mill. AR 149-150. Plaintiff

11   reported that in this position, he "took care of the dry kilns and the boilers in a busy saw mill."

12   AR 150. Plaintiff stated this position required using machines, tools, equipment, technical

13   knowledge and skills, and that he had to write and complete reports. AR 150. In addition,

14   Plaintiff reported he had to "lift and carry equipment around the mill" every day in this position.

15   AR 150. Plaintiff also said he frequently lifted 50 pounds or more in this position, and the

16   heaviest weight he lifted in this position was 100 pounds or more. AR 150. Moreover, Plaintiff

17   reported that he supervised other employees "all the time," and hired and fired employees, as

18   well. AR 150.

19        Vocational expert ("VE") Kelly Martin testified at the hearing. AR 52-54. The VE

20   reviewed Plaintiff's file prior to the hearing and listened to Plaintiff's hearing testimony. *See* AR

21   53. When asked to describe Plaintiff's past work, the VE stated:

22        The past work at the sawmill can be described with a number of DOT codes. The
          two that I would use to encompass most of his duties would be dry kiln operator,
23        it's DOT 563.382-010. It's an SVP: 6 occupation and it's categorized in the light

24

1  strength category. Also lumber handler and that's DOT 922.687-070. That is an SVP: 2 occupation with a heavy strength category.

2  AR 53.

3  Next, the ALJ described a person with hypothetical limitations. AR 53-54. The ALJ then

4  asked the VE whether such hypothetical person could perform Plaintiff's past work. AR 53-54.

5  The VE replied: "Yes, the dry kiln operator would fall under that hypothetical." AR 54. The VE

6  did not state whether the hypothetical person could perform the occupation of lumber handler.

7  *See* AR 54.

8  In his decision, the ALJ acknowledged the VE's testimony that Plaintiff's past work

9  encompassed both the positions of dry kiln operator and lumber handler. AR 25. The ALJ,

10  relying on the VE's testimony, concluded Plaintiff could perform his past work as a dry kiln

11  operator as it was "actually and generally performed." AR 25.

12  The ALJ's conclusion is not supported by substantial evidence because the record is

13  unclear as to whether the ALJ – by only finding Plaintiff could work as a dry kiln operator –

14  classified Plaintiff's past work according to its least demanding function. The VE testified that

15  Plaintiff's previous position encompassed elements of both dry kiln operator and lumber handler.

16  AR 53. Yet the VE, and ultimately the ALJ, only concluded Plaintiff could perform the

17  occupation of dry kiln operator. *See* AR 25, 53-54. Neither the VE nor the ALJ addressed

18  whether Plaintiff could perform the occupation of lumber handler. *See* AR 25, 53-54.

19  Moreover, Plaintiff reported that he "frequently" lifted 50 or more pounds in his past

20  occupation. AR 150. The DOT description of kiln operator states it is a "light" strength

21  occupation, and the ALJ similarly asked the VE a hypothetical which limited the claimant to

22  "light work." *See* DOT 563.382-010; AR 53. But the definition of "light work" states a person in

23  that occupation exerts "up to 10 pounds of force frequently." *See* DOT Appendix C (defining

24

1  "light" work). Meanwhile, the DOT description of lumber handler states it is a "heavy" strength

2  occupation, indicating a person in that occupation exerts "25 to 50 pounds of force frequently."

3  DOT 922.687-070; DOT Appendix C (defining "heavy" work). This strength distinction implies

4  Plaintiff's past work aligned, at least in part, with the lumber handler occupation. Furthermore,

5  the DOT does not mention Plaintiff's duties of supervising, hiring, and firing employees under

6  either the kiln operator or lumber handler occupation descriptions. *Compare* AR 150 (Plaintiff's

7  description of his past work) *with* DOT 563.382-010 (kiln operator description) *and* DOT

8  922.687-070 (lumber handler description).

9        In all, the VE's testimony, Plaintiff's testimony, and the DOT's descriptions indicate the

10  ALJ may have classified Plaintiff's past work according to its least demanding function by only

11  finding Plaintiff could perform his past work as a kiln operator. Therefore, because his Step Four

12  finding was not supported by substantial evidence, the ALJ erred.[2] *See Sanchez v. Colvin*, 673

13  Fed.Appx. 769 (9th Cir. 2017) (citing *Stacy*, 825 F.3d at 569-70) ("The ALJ may not classify a

14  job according to its least demanding function unless . . . the claimant actually performed the least

15  demanding function most of the time."); *Hams*, 2014 WL 4168473, at *3 (ALJ erred in finding

16  plaintiff could perform past work where plaintiff performed duties "more expansive than the

17  DOT's definition" of the occupation); *Lyda v. Colvin*, 221 F.Supp.3d 1254, 1259 (D. Colo. 2016)

18  (ALJ erred where the VE "raised the possibility that plaintiff's past relevant work was a

19  composite job" but the ALJ "focused on and found [plaintiff] capable of performing only the

20  least demanding aspects" of the work).

21

22
_____

23      [2] Although the undersigned finds the ALJ erred at Step Four, the undersigned makes no determination
regarding how this error will impact the sequential evaluation process on remand, including any new findings at

24  Steps Four or Five.

1    While the ALJ erred at Step Four, the Court must determine whether this error was

2  harmless. Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674

3  F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

4  claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

5  *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

6  F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

7  application of judgment" by the reviewing court, based on an examination of the record made

8  "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

9  1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

10    In this case, the ALJ's error was not harmless. The ALJ found Plaintiff could perform his

11  past relevant work, and therefore, the ALJ stopped the sequential evaluation process at Step

12  Four. *See* AR 25. Had the ALJ not committed this error, he may have continued the sequential

13  evaluation process and the ultimate disability determination may have changed. Accordingly, the

14  ALJ's error at Step Four was not harmless and requires reversal.

15                                   CONCLUSION

16    Based on the above stated reasons, the undersigned recommends this matter be reversed

17  and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for

18  further proceedings consistent with this Report and Recommendation. The undersigned also

19  recommends judgment be entered for Plaintiff and the case be closed.

20    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

21  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

22  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

23  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

24

1  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 22,

2  2017, as noted in the caption.

3        Dated this 5th day of December, 2017.

4

5  _____
         David W. Christel

6           United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24